LINDA M. BARKSDALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barksdale v. Commissioner
Docket No. 18943-81.
United States Tax Court
T.C. Memo 1983-169; 1983 Tax Ct. Memo LEXIS 622; 45 T.C.M. (CCH) 1112; T.C.M. (RIA) 83169; March 29, 1983. Clare J. Brooks, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to tax under
Year
Deficiency
section 6653(b) [1]
1977
$5,636.49
$2,818.25
1978
1,235.00
617.50
Petitioner did not appear when this case was called from the trial calendar at Baltimore, Maryland, on December 6, 1982. The case was set and called for trial on December 7, 1982, and petitioner again failed to make an appearance. In his deficiency notice, respondent determined *623 that petitioner had unreported income of $21,301.10 in 1977, and $7,814.04 in 1978. In his answer, respondent determined that petitioner had unreported income of $18,816.72 in 1978. On brief, respondent states that petitioner's unreported income for 1977 was $10,299, rather than $21,301.10, as determined in the deficiency notice. In his answer, however, respondent failed to amend the deficiency originally asserted against petitioner for 1977. We hold petitioner in default on the issues on which she has the burden of proof. Rule 123. Because of respondent's failure in his answer to amend the deficiency asserted against petitioner for 1977, however, we will not enter judgment for respondent on the full amount of the deficiency asserted for 1977. Instead, we hold that for 1977 petitioner is only liable for deficiencies in tax attributable to unreported income of $10,299. Two issues remain for our decision: (1) is respondent correct in increasing petitioner's deficiency for 1978 from $1,235 to $2,926.35, and petitioner's section 6653(b) addition to tax for 1978 from $617.50 to $1,463.18; and (2) are the deficiencies for 1977 and 1978 due to fraud within the intendment of section *624 6653(b). Linda Barksdale (hereinafter Linda) resided in Baltimore, Maryland, when she filed her petition in this case. On her 1977 Federal income tax return, Linda reported income of $6,683.70, consisting entirely of wages reported to the Internal Revenue Service on two Forms W-2. On her 1978 Federal income tax return, Linda reported income of $4,200, consisting entirely of wages reported to the Internal Revenue Service on one Form W-2. Linda was employed as a bookkeeper by Auto-Glo Body Shop (hereinafter Auto-Glo) for approximately 12 months during 1977 and 1978. During the years in issue, Linda systematically embezzled money from Auto-Glo. She was indicted for fraudulently converting Auto-Glo's funds to her own use in the amount of $11,568.87 and, in 1979, pleaded guilty to this indictment. In his answer respondent contends that Linda embezzled $14,168.87 from Auto-Glo. Respondent does not explain the discrepancy between this figure and the figure of $11,568.87 listed in the indictment. Luther Blickenstaff, the owner of Auto-Glo, testified that Linda embezzled between $17,000 and $18,000 from Auto-Glo, but said that his accountants were able to establish only that *625 approximately $14,000 or $14,150 had been embezzled. Elizabeth Henn, an Internal Revenue Service attorney who met with Linda prior to trial, testified that Linda had agreed that respondent's recalculation of her unreported income from 1977 and 1978 was correct. Following her discharge from Auto-Glo in 1978, Linda found employment as a bookkeeper for Habilitat, Inc. (hereinafter Habilitat). While so employed, Linda falsely held herself out to the Equitable Trust Company (hereinafter Equitable) as the proper payee for checks to Habilitat. As a result of this misrepresentation, Linda wrongly obtained for her own use the sums of $14,946 and $385 during 1978. She was indicted separately for misappropriating these funds from Equitable and, in 1979, pleaded guilty to both indictments. In his deficiency notice, respondent determined that Linda had unreported income of $7,814.04 in 1978. Respondent subsequently learned that the correct figure was $18,816.72 and, in his answer, respondent increased Linda's deficiency and section 6653(b) addition to tax for 1978. Respondent has the burden of proving his increased deficiency and addition to tax for 1978. Rule 142(a). Linda pleaded *626 guilty to misappropriating a total of $26,900.14 in 1977 and 1978. As noted above, we find that $10,299 of this amount was received in 1977.It follows that $16,601.14 of the amount Linda pleaded guilty to embezzling must have been received in 1978. Respondent contends, however, that in 1978 Linda received $2,215.58 of unreported embezzlement income in addition to the amount she pleaded guilty to embezzling. Respondent supports this contention with the testimony of Luther Blickenstaff and Elizabeth Henn. Luther Blickenstaff, while a credible witness, was simply uncertain of the amount Linda embezzled from Auto-Glo; his testimony is therefore insufficient to carry respondent's burden of proof. Elizabeth Henn testified that Linda agreed with respondent's recomputation of her unreported income for 1978, but she could not remember the figure, "[it] was a little bit higher, $14,000.00 or something like that." In her petiton, Linda alleges that she had unreported income for 1978 of $5,812.14. Under these circumstances, the inexact and possibly self-serving testimony of respondent's attorney does not suffice to carry respondent's burden of proof. We find and hold that respondent *627 has met his burden of proving only that Linda had unreported income from embezzlement of $16,601.14 in 1978. [2]
Fraud is the intentional evasion of a tax believed owed. , affd. , cert. denied . In order to prove that an underpayment is due to fraud, respondent must prove, by clear and convincing evidence, that petitioner had the specific purpose and intent to evade a tax believed owed, and that the underpayment of tax was due to, or caused by, the intent to evade tax. Sec. 7454(a); Rule 142. Since direct evidence of the requisite intent to evade taxes is often unobtainable, we may resort to circumstantial evidence. Proof that a taxpayer has misappropriated funds through deceit and concealment is circumstantial evidence that the taxpayer concealed from the Internal Revenue Service his receipt of those funds with the intent to evade tax. . *628 We have found and held that respondent has met his burden of providing that Linda had unreported embezzlement income in 1978 of $16,601.14. We also find and hold that Linda embezzled $10,299 in 1977 from Auto-Glo and that the evidence is clear and convincing that Linda's failure to report this income in each of these years was for the specific purpose of evading taxes believed to be owed. We therefore hold for respondent on the issue of fraud for each of the years in issue. For computation of the amounts and additions owing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all references to the Rules are to the Tax Court Rules of Practice and Procedure.↩
2. $15,331.27 of this income is attributable to amounts Linda pleaded guilty to embezzling while employed by Habilitat. The remaining $1,269.87 is attributable to Linda's embezzlement from Auto-Glo.↩